IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martinez

Criminal Action No. 11-cr-0419-WJM

UNITED STATES OF AMERICA,

    Plaintiff,
v.

1. MICHAEL ANTHONY PENN,

    Defendant.

**ORDER FINDING DEFENDANT COMPETENT TO STAND TRIAL**

Defendant Michael Anthony Penn is charged in a two-count Indictment with: (1) timber set afire in violation of 18 U.S.C. § 1855; and (2) damaging property of the United States by fire in violation of 18 U.S.C. § 844(f)(1) and (2). (ECF No. 5.) On November 9, 2011, Defendant filed a Motion for Competency Evaluation ("Motion") asking for the Court to authorize a psychiatric evaluation of the Defendant and, thereafter, to set a hearing to determine Defendant's competency to proceed. (ECF No. 21.) The Government did not object to the Motion and the Court ordered that a psychiatric or psychological evaluation of the Defendant be conducted. (ECF No. 22.) The Court further ordered that a report of the evaluation be prepared pursuant to 18 U.S.C. § 4247(c) and submitted to the Court. (*Id.* at 3.)

On February 9, 2012, the Court received the Forensic Evaluation prepared by Dr. Jeremiah Dwyer. (ECF No. 27.) Dr. Dwyer found that Defendant was not currently suffering from symptoms of a major mental disorder that would impair his ability to

under the nature and the consequences of the proceedings against him or render him unable to assist his counsel is preparing his defense. (*Id*.) Upon receipt of the Forensic Evaluation, the Court ordered the parties to notify it by February 24, 2012 if either party felt that a competency hearing in accordance with 18 U.S.C. § 4241(c) and 4247(d) was necessary. (ECF No. 28.) In response to this Order, Defendant's counsel filed a Notice of Position Re: Competency stating: "The defense is not contesting Dr. Dwyer's conclusion that Mr. Penn is competent to proceed." (ECF No. 29.) The Government did not file a response to the Court's Order.

The Constitution forbids the trial of a defendant who lacks mental competency. *Indiana v. Edwards*, 554 U.S. 164, 170 (2008). The Court must commit a defendant for treatment if it finds "by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to under the nature and the consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(d). Having reviewed the only evidence in this case, the Forensic Evaluation, the Court finds that there is no evidence showing that Defendant is presently suffering from a mental disease that renders him incompetent to stand trial. The Court also notes that Defendant does not contest the findings and conclusions of the Forensic Evaluation. (ECF No. 29.) Accordingly, the Court finds that Defendant Michael Anthony Penn is competent to proceed with this case.

On March 20, 2012, Defendant filed a Notice of Disposition stating that he intends to plead guilty to the charges against him in accordance with a plea agreement

2

that is currently being negotiated by the parties. (ECF No. 30.) Defendant requests the Court set a change of plea hearing sometime after April 30, 2012. (*Id.*)

Accordingly, a Change of Plea Hearing is hereby set for **May 1, 2012 at 10:00 a.m.** in Courtroom A801. Counsel for the parties shall e-mail to Chambers courtesy copies of the "Statement by Defendant In Advance of Change of Plea" and the "Plea Agreement and Statement of Facts" no later than **12:00 p.m. on April 24, 2012.** If these documents are not timely submitted, the hearing may be vacated. The signed original and one copy of these documents must also be given to the courtroom deputy at the time of the hearing, pursuant to D.C.COLO.LCrR 11.1F.

It is FURTHER ORDERED that defense counsel who reviewed and advised Defendant regarding the plea agreement must attend this Change of Plea Hearing. Pursuant to WJM Revised Practice Standard VIII.I.1.c the AUSA assigned to this matter must also be present at the hearing. If that AUSA cannot attend in person, he must be present by phone and a fully-briefed substitute AUSA must be physically present in the courtroom at the time of the hearing.

Dated this 21st day of March, 2012.

BY THE COURT:

William J. Martinez
United States District Judge